CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 3 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANTONIO FITZGERALD, )
   Plaintiff, )
)
v. ) Civil Action No. 7:05cv00434
)
DANVILLE CITY JAIL, et al., )
   Defendants. ) By: Hon. Michael F. Urbanski
) United States Magistrate Judge

## REPORT AND RECOMMENDATION

Plaintiff Antonio Fitzgerald, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C § 1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff alleges that while he was incarcerated at the Danville City Jail ("Jail") he was assaulted by Correctional Officer Callahan and that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

This matter is now before the court on defendants' motion to dismiss. Defendants assert that Fitzgerald failed to exhaust all administrative remedies prior to filing this action and that even had he exhausted his remedies, he fails to state a claim on which relief may be based. Upon review of the record, the undersigned finds that even if plaintiff had exhausted his administrative remedies, he fails to state a claim on which relief can be granted and thus recommends that his complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I.

Plaintiff alleges that while incarcerated at the Jail he became very ill, had an allergic reaction which caused a rash and open sores to develop on his arms, head, and between his legs,

---

[1] As the undersigned finds that plaintiff has failed to state a claim on which relief may be based, it need not address the issue of defendants' alleged hindrance of plaintiff's ability to utilize the institutional grievance system and thus exhaust all available administrative remedies.

and at some point he came to believe he was suffering from a "heart attack" related to the allergic reaction. Fitzgerald asserts that he requested medical attention and transfer to a hospital, but claims that his requests were ignored. However, Fitzgerald admits he was examined by medical personnel, blood was drawn, and he was given an ointment to treat the rash and sores. Fitzgerald further purports that he was informed by a nurse that his allergic reaction "may" have been caused by medical personnel giving him the wrong medication and that he was not told the specific results of his blood work.

Fitzgerald further alleges that while he was being transferred to the Jail's segregation unit from the medical unit, Callahan twisted his arm and pushed him to the floor. However, Fitzgerald admits that at the time he was being transferred he actively resisted being removed from the medical unit and placed in the segregation unit. Further, Fitzgerald does not allege that he was in any way injured by being forced to the floor.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

2

### A.

As a threshold matter, the Jail is not a "person" and therefore, is not a proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Accordingly, the undersigned recommends all claims filed against the Jail be dismissed.[2]

### B.

Fitzgerald alleges that the defendants failed to provide him with adequate medical care to treat his allergic reaction. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992)). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

---

[2] By order entered July 7, 2005, plaintiff was advised that he could not maintain an action against the Jail, and was directed to amend his complaint to name individuals as defendants. As he has named other defendants in his amended complaint, this Report and Recommendation concerns the claims against those defendants named in his amended complaint.

Fitzgerald claims that the jail staff provided inadequate medical treatment by refusing to take him to the hospital when he noticed a rash on his body and began to suffer from a "heart attack." However, Fitzgerald admits he was examined by medical staff at least twice, diagnostic testing was conducted, he was given an ointment to soothe his rash and sores, and no further medical treatment was deemed necessary. Thus, this claim amount to nothing more than a patient-medical staff disagreement over diagnosis and treatment, which is not actionable under the Eighth Amendment.

Fitzgerald also argues that defendant Turner and other staff were negligent by giving him the wrong medication and/or by not informing him of the specific results of his blood tests. However, as neither claims of medical negligence nor malpractice are actionable the Eight Amendment, the undersigned recommends these claims be dismissed as well. Estelle v. Gamble, 429 U.S. at 106.

## C.

Fitzgerald further claims that following his medical examination, Callahan used excessive force in transferring Fitzgerald to the segregation unit. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind) and an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In evaluating such a claim, "the

4

question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 32-21 (1986)). The Supreme Court and the Fourth Circuit have set out the following factors to consider in determining whether a prison official acted maliciously and sadistically: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7 (1992) (quotations omitted); Williams, 77 F.3d at 762.

Also, the inmate must prove the defendants' actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'" Stanley v. Hejirika, 134 F.2d 629, 634 (4th Cir. 1998) (quoting Hudson, 503 U.S. at 8). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

5

25 F.3d at 1263, n. 4 (citations omitted).

According to Fitzgerald, Callahan used an excessive amount of force by twisting his arm and pushing him to the floor while he was transferring Fitzgerald to a segregation cell. However, Fitzgerald does not allege he suffered any injury as a result of the twisted arm or fall to the floor. Furthermore, Fitzgerald has failed to allege any facts which establish those extraordinary circumstances on which a plaintiff can prevail on an excessive force claim when he suffers only de minimis injury. Taylor, 155 F.3d at 483. "[N]ot...every malevolent touch by a prison guard gives rise to a federal cause of action." Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). And merely a lack of due care for the prisoner's interests and safety fails to show the use of force which is "repugnant to the conscience of mankind." See Whitley v. Albers, 475 U.S. 312, 319 (1986)(finding that the infliction of pain in the course of a prison security measure, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense).

As Fitzgerald admits that he actively resisted being removed from the medical unit and placed in a segregation cell and as some degree of force can be reasonably applied in attempting to restrain an inmate, the undersigned finds that this alleged incident does not present the highly unusual circumstances which result "in an impermissible infliction of pain" or was "of a sort repugnant to the conscience of mankind." Id; see Norman, 25 F.3d at 1263, n. 4.

### III.

For the reason stated above it is recommended that the defendants' motion to dismiss be granted and this 42 U.S.C. § 1983 complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

6

The clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undesigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

Entered this 3rd day of January, 2006.

Michael F. Urbanski
United States Magistrate Judge